IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

OLIN C. SCOTT, JR.,             :
                                :
      Plaintiff,                :
                                :
vs.                             : CIVIL ACTION NO. 14-00417-CG-B
                                :
FORD MOTOR COMPANY,             :
                                :
      Defendant.                :

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff Olin C. Scott, Jr.'s Motion to Remand. (Doc. 2). The motion, which has been fully briefed and is ripe for resolution, has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c). Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Plaintiff's Motion to Remand (Doc. 2) be GRANTED.

### I.   Background Facts

Plaintiff, Olin C. Scott, Jr. ("Plaintiff"), commenced this personal injury action in the Circuit Court of Baldwin County, Alabama on May 19, 2014, against Defendant Ford Motor Company ("Ford") and various fictitious parties. (Doc. 1, att. 1 at 2). In the complaint, Plaintiff alleges that Defendant Ford is liable for fraud (Count One), fraud in the inducement (Count Two), breach of express warranty (Count Three), breach of

implied warranty (Count Four), and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (Count Five), for which he seeks an unspecified amount of compensatory, consequential, and punitive damages, as well as costs and attorney's fees. (Id. at 4-8).

According to Plaintiff, on December 31, 2013, he purchased a new Ford Escape SUV for $29,700. (Id. at 2). At the time of the purchase, Ford represented to Plaintiff that the vehicle was free of defects and extended express warranties related to same. (Id. at 2-3). On February 16, 2014, Plaintiff was driving the vehicle on Interstate 10 when the engine caught fire and rendered the vehicle a total loss. (Id. at 3-4). Plaintiff notified Ford that he desired a buy-back of the vehicle, and Ford refused to tender the purchase price. (Id. at 4). According to Plaintiff, the 2013 Ford Escape has been the subject of no fewer than ten recalls. (Id.).

On September 8, 2014, Ford removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. In the Notice of Removal, Ford asserts the existence of subject matter jurisdiction under § 1332.[1] (Doc. 1 at 2). On September 9, 2014,

---

[1] Plaintiff's only objection to removal is that Defendant has failed to establish the requisite amount in controversy. (Doc. 2).

Plaintiff filed the instant motion seeking to remand this action to state court. (Doc. 2). Plaintiff contends that Defendant has failed to establish that the amount in controversy exceeds $75,000. (Doc. 2 at 4). The motion has been fully briefed and is now ready for resolution.

## II. Standard of Review

As set forth above, this action was removed by Defendant Ford pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Title 28 U.S.C. § 1441(a) provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

In addition, 28 U.S.C. § 1446(b) provides in part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . . .

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

It is well established that, "[i]n a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence." Wiltew v. Parker, 2009 U.S. Dist. LEXIS 101741, *1-2, 2009 WL 3615041, *2 (S.D. Ala. Oct. 30, 2009); Lowery v. Alabama Power Co., 483 F.3d 1184, 1210 (11th Cir. 2007)). In a removal action, the burden is upon the defendant. Id.; see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008) ("A removing defendant bears the burden of proving proper federal jurisdiction . . . [and] [a]ny doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court.")). In addition, "[b]ecause removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand." Holloway v. Morrow, 2008 U.S. Dist. LEXIS 10318, *5, 2008 WL 401305, *2 (S.D. Ala. Feb. 11, 2008) (citing University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from

"significant federalism concerns" raised by removal jurisdiction); see also Russell Corp. v. American Home Assur., Co., 264 F.3d 1040, 1050 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."). "Thus, under § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff -- be it the initial complaint or a later received paper -- and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." Lowery, 483 F.3d at 1213.

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). With respect to the amount in controversy requirement, where the plaintiff "has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). A removing defendant need only show that "the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."

Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996)).   A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Renfroe v. Allstate Property and Cas. Ins. Co., 2010 U.S. Dist. LEXIS 111336, *6, 2010 WL 4117038, * 2 (S.D. Ala. Sept. 23, 2010) (quoting Pretka, 608 F.3d at 754).   "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Beasley v. Fred's Inc., 2008 U.S. Dist. LEXIS 26210, *3-4, 2008 WL 899249, *1 (S.D. Ala. Mar. 31, 2008) (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).   "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

In addition, settlement offers "count[ ] for something" in determining whether a plaintiff's claim exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).   Courts within this district have held that a settlement demand is actually relevant evidence of the amount in

controversy if it includes specific information to reflect a reasonable estimate of the plaintiff's claim.  <u>Jackson v. Select Portfolio Servicing, Inc.</u>, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).  In addition, the Eleventh Circuit has made clear that "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." <u>Roe</u>, 613 F.3d at 1062.

**III. Analysis**

In the complaint in this case, Plaintiff alleged that the total cash price of the automobile that was lost as a result of the engine fire was $29,700.  (Doc. 1, att. 1 at 7).  Plaintiff also alleged, but did not specify an amount for, other compensatory, consequential, and punitive damages flowing from the alleged fraud and breach of warranties by Ford, as well as attorney's fees and costs.  (<u>Id.</u>, att. 1).

Because the amount in controversy is not facially apparent from the complaint, the Court considers other relevant evidence of the amount in controversy in this case.  The evidence shows that on September 4, 2014,[2] Plaintiff's counsel sent an email to counsel for Ford, extending a settlement demand, in which he stated in part:

---

[2] At that point, Plaintiff's discovery requests had been served but not answered by Ford.  (Doc. 1, att. 5; Doc. 2 at 2; Doc. 11 at 3).

> I'm sorry I missed your call the other day regarding settlement of this case.  You left a message that you had some authority to get the case settled.  I'm not sure what you had in mind but I usually do not settle a case or discuss settlement until I have finished discovery because many times, usually, I don't know what kind of case I may have. Having said that, I will certainly take any and all settlement offers to the client.  I will say that the client is angry and frustrated with Ford Motor Company.  Early on he tried to settle with them and the person he was dealing with promised him a buyback.  Based on that he purchased and financed a new Ford car and was going to use the buyback funds to pay off the purchase. (He had paid cash for the Escape).  The only settlement demand I have authority for this time is $150,000.  This will be a little over five times a purchase price of the Escape which was $29,700.

(Doc. 1, att. 3).

In support of his Motion to Remand, Plaintiff argues that the settlement demand does not show that the amount in controversy in this case exceeds $75,000 but, rather, that it is merely a "barebones statement of a settlement position made in anticipation of further negotiations" that "falls well short of 'unambiguously' qualifying the nature of Plaintiff's claims." (Doc. 2 at 6).   Plaintiff further argues that the settlement demand "does not specify the nature of the damages sought, nor does it quantify those damages."   (Id.).   Rather, Plaintiff states, it was merely an attempt to "gage the Defendant's interest in settlement."

Defendant Ford counters that Plaintiff's demand of $150,000, described as "a little over five times a purchase price of the Escape", though a lump sum, specifically relates to Plaintiff's compensatory damages and, thus, is not vague, ambiguous, or speculative. (Doc. 10 at 3).

This Court' opinion in Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281-82 (S.D. Ala. 2009), is instructive in this case. In Jackson, this Court stated:

> A settlement offer can of course constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b). Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007). The question is whether this specific settlement demand, given all the evidence presented, established by a preponderance of that evidence that the amount in controversy exceeds $75,000. . . . "While [a] settlement offer, by itself, may not be determinative, it counts for something." Burns v. Windsor Insurance Co., 31 F.3d 1092, 1097 (11th Cir. 1994). What it counts for, however, depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information ... to support [the plaintiff's] claim for damages" suggest the plaintiff is offering a reasonable assessment of the value of [his] claim" and are entitled to more weight. Golden Apple Management Co. v. Geac Computers, Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1998). The Court has adopted this as the correct analysis. . . . The defendants describe the plaintiffs' settlement demand as "thoughtful and detailed," . . . but it is not detailed in

> any way that aids removal. The letter in question simply demands "[l]ump sum payment of $155,000," without the slightest suggestion how in the world the plaintiffs could support such a figure.  The only detail in the letter is contained in the succeeding two paragraphs, which discuss other, non-monetary relief the plaintiffs desired as well.  The plaintiffs' bald demand is properly construed as mere posturing.  There is additional evidence to support this conclusion.  Plaintiffs' counsel submitted an affidavit reflecting that he repeatedly advised the defendants and their counsel that he had inadequate information to make a realistic settlement demand and that he was throwing out a figure only to stake out a settlement posture and to see if the defendants were serious about their suggestion of mediation before he agreed to incur that considerable expense. It might be possible to reject the affidavit as unworthy of credence, but the defendants suggest no reason the Court should do so. On the contrary, the affidavit makes perfect sense and reflects why the judicial skepticism of unadorned settlement demands is warranted.  . . . [E]ven had no affidavit been filed, under the cases cited above the settlement demand alone would not satisfy the defendants' burden.

Jackson, 651 F. Supp. 2d at 1281-82.

As was the case in Jackson, the Court finds that the settlement demand in the instant case fails to tie the lump sum figure demanded ($150,000) to corresponding items of damage alleged in the complaint, and it fails to reflect a reasonable estimate by Plaintiff of the actual value of his loss.  To the contrary, the demand appears to be speculative, skeptical, arbitrary, and based on mere puffing and posturing.

As in Jackson, Plaintiff's counsel in the instant case specifically advised that he did not know the value of the case (as it was pre-discovery) and that he was hesitant to even discuss a figure.  He stated in his email: "I'm not sure what you had in mind but I usually do not settle a case or discuss settlement until I have finished discovery because many times, usually, I don't know what kind of case I may have."  (Doc. 1, att. 3).  Even though counsel did not know the value of the case at that time, he affirmed that he was "certainly [willing to] take any and all settlement offers to [his] client."  (Id.). Plaintiff's counsel also informed Ford's counsel that his client was "angry and frustrated with Ford Motor Company" because, early on, his client had been promised a "buyback" of the automobile (ostensibly $29,700), which never happened.  (Id.). With those qualifiers, Plaintiff's counsel proposed a figure "a little over" five times the actual value of the vehicle or $150,000.  (Id.).  This evidence indicates, as did the evidence in Jackson, that Plaintiff's counsel in the instant case "had inadequate information to make a realistic settlement demand and . . . was throwing out a figure only to stake out a settlement posture."  Id. , 651 F. Supp. 2d at 1282.

Because the settlement demand in this case does not reflect a reasonable estimate of the actual value of Plaintiff's fraud and warranty claims, it does not support Defendant's argument

that the amount in controversy in this case exceeds $75,000. Cf. Benandi v. Mediacom Southeast, LLC, 2011 U.S. Dist. LEXIS 125084, *7-8, 2011 WL 5077403, *3 (S.D. Ala. September 30, 2011) (where Plaintiff's counsel's letter demanded $92,000 and described in detail Plaintiff's injuries, the costs incurred to date and anticipated, and specifically described the figure as "a conservative estimate," it was not a speculative lump sum demand and was properly considered in denying motion to remand); McKeel v. Hodum Trucking, LLC., 2012 U.S. Dist. LEXIS 93781, *10-13 (S.D. Ala. June 18, 2012) (plaintiff's demand letter seeking $232,653.58 could be considered in determining whether the actual amount in controversy exceeded $75,000 where the damages were broken down into identified, specific costs for past and future damages).

Having considered the allegations in Plaintiff's complaint specifying compensatory damages in the amount of $29,700 (the actual value of the damaged vehicle at issue) and alleging other unspecified compensatory, consequential, and punitive damages,[3] as well as the evidence of Plaintiff's settlement demand of $150,000 (based on a pre-discovery, arbitrary estimate of

---

[3] Although Plaintiff also seeks punitive damages in this case, which is a consideration in determining the jurisdictional amount in controversy in diversity cases, see Rae v. Perry, 392 Fed. Appx. 753, 755 (11th Cir. 2010), the Court is not convinced that this proves that the amount in controversy exceeds $75,000.

approximately "five times" the actual value of the damaged vehicle at issue), the Court finds that Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

### III. **Conclusion**

Based on the foregoing, the undersigned finds that the Court lacks subject matter jurisdiction over this case under 28 U.S.C. section 1332. Accordingly, it is recommended that Plaintiff's Motion to Remand (Doc. 2) be GRANTED.

### **Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

13

**DONE** this the **20th** day of **January, 2015.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**